UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PABLO MARTINEZ,

    Petitioner,

                                  CASE NO. 16-11266
v.                         HONORABLE GEORGE CARAM STEEH

JOSEPH BARRETT,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO HOLD HIS HABEAS PETITION IN ABEYANCE [2] AND SUMMARILY DISMISSING THE HABEAS PETITION [1]**

### I. Introduction

This matter has come before the Court on petitioner Pablo Martinez' pro se habeas corpus petition and motion to hold the petition in abeyance. The habeas petition and supporting brief allege that Martinez pleaded guilty in Kent County Circuit Court to second-degree home invasion, Mich. Comp. Laws § 750.110a(3). On June 13, 2013, the trial court sentenced petitioner to prison for seven to fifteen years.

Petitioner did not pursue a direct appeal from his conviction. Instead, he filed a motion for relief from judgment, alleging that the state trial court lacked subject matter jurisdiction because there was no enacting clause in the charging statute. The trial court found no merit in this claim and denied petitioner's motion. See Opinion and Order, No. 11-10602-FH (Kent Cty. Cir. Ct. June 27, 2014). The Michigan Court of Appeals denied leave to appeal the trial court's decision. The Court of Appeals stated that petitioner had not established "good cause" under Michigan Court Rule 6.508(D)(3)

for failing to raise the issue previously or "actual prejudice" from the alleged irregularities. People v. Martinez, No. 323669 (Mich. Ct. App. Nov. 19, 2014). On September 29, 2015, the Michigan Supreme Court also denied leave to appeal under Michigan Court Rule 6.508(D). See People v. Martinez, 869 N.W.2d 576 (Mich. 2015).

On April 6, 2016, Martinez filed his habeas corpus petition and his motion to hold the petition in abeyance. His sole ground for relief in the habeas petition reads:

> The trial court lacked subject matter jurisdiction due to invalid law and therefore [the] judgment and sentence are void.

Memorandum of Law in Support of Pet. for Writ of Habeas Corpus, at i. In his motion to hold the habeas petition in abeyance, Martinez states that he wishes to file a successive post-conviction motion in state court based on the Michigan Supreme Court's ruling in People v. Lockridge, 870 N.W.2d 502 (Mich. 2015), cert. denied, 136 S. Ct. 590 (2015).

## II. Discussion

The Court begins its discussion by addressing Petitioner's motion to hold his habeas petition in abeyance. Petitioner wants the Court to stay this case while he returns to state court and seeks re-sentencing under Lockridge. In Lockridge, the Michigan Supreme Court concluded that Michigan's sentencing guidelines are unconstitutional to the extent "the guidelines require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables . . . that mandatorily increase the floor of the guidelines minimum sentence range, i.e., the 'mandatory minimum' sentence under Alleyne [ v. United States, 133 S. Ct. 2151

(2013)]." Lockridge, 870 N.W.2d at 506 (emphasis in original).[1]  In other words, Michigan's sentencing-guidelines scheme violates the Sixth Amendment to the United States Constitution because it "allows judges to find by a preponderance of the evidence facts that are then used to compel an increase in the mandatory minimum punishment a defendant receives." Id. at 524.  In light of this conclusion, the Michigan Supreme Court held that Michigan's sentencing guidelines are advisory only.  Id.

Petitioner contends that the state trial court engaged in judicial factfinding in his case when it scored ten points for offense variables nine, twelve, fourteen, sixteen, and nineteen of the Michigan sentencing guidelines.  Even if this were true, petitioner's case was pending in state court on collateral review when the Michigan Supreme Court decided Lockridge, and the Michigan Supreme Court "made its holding [in Lockridge] applicable only to cases still pending on *direct* review." Hawkins v. Napel, No. 2:13CV43, 2016 WL 1055755, at *2, n.1 (W.D. Mich. Mar. 17, 2016) (unpublished) (emphasis added).  Thus, it does not appear that Lockridge applies to petitioner's case. Cf. People v. Richards, No. 325192 (Mich. Ct. App. June 7, 2016), slip op. at 11 (stating that, because the defendant's case was pending on direct review when Lockridge was

---

[1] In Alleyne, the United States Supreme Court stated:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime.  It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

Alleyne, 133 S. Ct. at 2155 (internal citation omitted).

issued, Lockridge applied retroactively to his case). The Court therefore denies petitioner's motion for a stay.

The remaining question is whether petitioner is entitled to habeas relief on his claim about the home-invasion statute. Petitioner contends that the state trial court lacked subject matter jurisdiction in his case because the home-invasion statute lacked an enacting clause.

Petitioner's claim lacks merit because it is based solely on an alleged violation of state law. "[F]ederal habeas corpus relief does not lie for errors of state law," Lewis v. Jeffers, 497 U.S. 764, 780 (1990), and a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976).[2] The Supreme Court has emphasized

> that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

---

[2] The state trial court, moreover, found no merit in Petitioner's claim about the alleged lack of an enacting clause because:

> [t]he Michigan Constitution states that "[t]he style of the laws shall be: The People of the State of Michigan enact." Const 1963, art 4, § 23. MCL 750.110a is codified under the Michigan Penal Code, MCL 750.1 et seq. The Michigan Penal Code begins with: "The People of the State of Michigan enact." See 1931 PA 328. This enacting clause is also found in the bound volume of the compiled laws. Further, the relevant Public Acts that created or amended the home invasion offenses also contain the enacting clause. See 1994 PA 270; 1999 PA 44.

Martinez, No. 11-10602-FH (Kent Cty. Cir. Ct June 27, 2014).

-4-

Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The Court therefore declines to grant the writ of habeas corpus on petitioner's habeas claim.

### III. Conclusion

Petitioner's habeas claim is not cognizable on federal habeas review, and petitioner has not persuaded the Court that he has a viable claim under Lockridge. Accordingly, the motion to hold the habeas petition in abeyance (ECF No. 2) is denied, and the habeas corpus petition (ECF No. 1) is summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[3]

The Court declines to issue a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of petitioner's habeas claim, nor conclude that the claim deserves encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The Court also declines to grant leave to appeal in forma pauperis because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: June 14, 2016

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

[3] Rule 4 "provides that district courts 'must promptly examine' state prisoner habeas petitions and must dismiss the petition '[i]f it plainly appears . . . that the petitioner is not entitled to relief.'" Day v. McDonough, 547 U.S. 198, 207 (2006).

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 14, 2016, by electronic and/or ordinary mail and also on Pablo Martinez #817966, Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk